UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
MAR 6 - 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| BEVERLY GURARA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civ. Action No. 02-196 (RJL) ) |
| DISTRICT OF COLUMBIA, | ) ) |
| Defendant. | ) |

MEMORANDUM OPINION
(March 1, 2006) [#18]

Plaintiff, Beverly Gurara, brought this suit against defendant, the District of Columbia, pursuant to 42 U.S.C. § 2000e-5 of Title VII of the Civil Rights Act of 1964, seeking damages for alleged discrimination based on gender and national origin, and her dismissal by her employer, the District of Columbia Office of Property Management. (*See* Compl. ¶ 3.) Currently before the Court is defendant's Motion to Dismiss for Failure to Prosecute under Federal Rule of Civil Procedure 41(b). For the following reasons, the Court GRANTS defendant's motion.

Local Rule of Civil Procedure 7(b) provides that an opposing party has 11 days to file a memorandum in opposition to the motion and if such party fails to do so, the court may treat the motion as conceded. LCvR. 7(b). This rule is a "docket-management tool that facilitates efficient and effective resolution of motions by requiring the prompt joining of issues." *Fox v. American Airlines, Inc.*, 389 F.3d 1291, 1294 (D.C. Cir. 2004). In *Fox*, the D.C. Circuit affirmed the District Court's holding that "because the plaintiffs failed to

respond to the defendant's ... motion, the court treats the motion as conceded and grants the motion." *Id.* (citations omitted). Whether to treat the motion as conceded under Local Rule of Civil Procedure 7(b) is highly discretionary, and our Circuit Court noted that "where the district court relies on the absence of a response as a basis for treating the motion as conceded, [the D.C. Circuit will] honor its enforcement of the rule." *Twelve John Does v. District of Columbia*, 117 F.3d 571, 577 (D.C. Cir. 1997).

In light of the fact that plaintiff failed to file an opposition to defendant's motion to dismiss, even when this Court issued *two* Orders, requiring the plaintiff to do so or face the consequences of it being treated as conceded (*see* Dkt. 19, 20), the Court will treat defendant's motion as conceded. LCvR 7(b). Therefore, in light of the plaintiff's concession and based on a review of the pleadings, the relevant law cited therein, and the record,[1] the Court finds in favor of the defendant and GRANTS [#18] defendant's Motion to Dismiss. An appropriate Order will issue with this Memorandum Opinion.

*[signature]*
RICHARD J. LEON
United States District Judge

---

[1] According to defendant, the plaintiff has failed to respond to discovery requests and failed to appear for deposition. (*See* Mem. of P. & A. in Supp. of Def.'s Mot. to Dismiss of Failure to Prosecute at 4.) In addition, plaintiff has not taken any action to further the prosecution of this action, and, therefore, this Court finds that plaintiff has failed to sufficiently prosecute her case under Federal Rule of Civil Procedure 41(b). *See Link v. Wabash R. Co.*, 370 U.S. 626, 629-30 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted. The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." (footnote omitted)).